IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FRANCISCO NEGRON YORDAN and ANA M. ONETTI RODRIGUEZ,<br><br>      Debtors.<br><br>_____<br><br><br>FRANCISCO NEGRON YORDAN and ANA M. ONETTI RODRIGUEZ,<br><br>      Plaintiffs,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Defendant. | CASE NO. 13-02211-EAG13<br><br>Chapter 13<br><br><br><br><br>ADV. PROC. NO. 19-00459<br><br><br><br>FILED & ENTERED ON 8/25/2020 |

**OPINION AND ORDER**

Plaintiffs Francisco Negron Yordan and Ana M. Onetti Rodriguez filed an adversary complaint against defendant Internal Revenue Service (IRS) for willful violation of the discharge order. The complaint alleges that the IRS violated the discharge injunction by trying to collect post-petition interest on 2007 and 2008 discharged tax debts. It also requests that the court award plaintiffs damages and attorney's fees in an amount not less than $25,000. The IRS moves to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. [Adv. Dkt. No. 12.] Because the court does not have jurisdiction over the plaintiffs' claim, the motion to dismiss is granted and the adversary proceeding is dismissed.

## I. PROCEDURAL BACKGROUND

The plaintiffs filed on March 22, 2013 a voluntary petition under chapter 13 of the Bankruptcy Code, which was docketed as case 13-02211.[1] [Bankr. Dkt. No. 1.] On April 15,2013, the IRS filed proof of claim number 4 for $7,537.25 in taxes, of which $5,631.80 were classified as priority and the remaining $1,905.43 as general unsecured. [Claims Register No. 4-1.] On May 3, 2013, the plaintiffs filed an amended plan, which provided for the payment in full to priority creditors and pro-rata distributions to unsecured creditors. [Bankr. Dkt. No. 13.] The amended plan was confirmed on July 16, 2013. [Bankr. Dkt. No. 29.]

On August 2, 2013, the plaintiffs filed a post-confirmation modification of the plan, which did not change the treatment of priority or unsecured claims. [Bankr. Dkt. No. 32.] On September 25, 2013, the court approved the post-confirmation modification. [Bankr. Dkt. No. 43.] On August 5, 2015, the plaintiffs filed second post-confirmation modification, which again did not change the treatment of priority or unsecured claims. [Bankr. Dkt. No. 88.] On August 31, 2015, the court approved the second post-confirmation modification. [Bankr. Dkt. No. 92.]

The plaintiffs got their discharge on June 5, 2018. [Bankr. Dkt. No. 114.] The case was closed on July 11, 2018. [Bankr. Dkt. No. 116.] On November 26, 2019, the plaintiffs moved to reopen their bankruptcy case to file this adversary proceeding. [Bankr. Dkt. No. 119; Adv.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

2

Dkt. No. 1.] On December 27, 2019, the court reopened the bankruptcy case. [Bankr. Dkt. No. 122.]

On February 7, 2020, the IRS moved to dismiss this adversary proceeding. [Adv. Dkt. No. 12.] On March 11, 2020, the plaintiffs opposed the motion to dismiss. [Adv. Dkt. No. 21.]

The court held an initial scheduling conference on May 19, 2020. [Adv. Dkt. No. 30.] At the initial scheduling conference, the court granted the IRS until May 26, 2020 to reply to the opposition to the motion to dismiss. [Id.] After requesting an extension, the IRS replied on June 2, 2020. [Adv. Dkt. No. 34.] On July 3, 2020, the plaintiffs requested leave to file a sur-reply, which they filed on July 28, 2020. [Adv. Dkt. Nos. 35 & 38.]

On August 19, 2020, the court restricted public access to the opposition to the motion to dismiss because it contained personal identifiable information of the plaintiffs and ordered them to resubmit a redacted opposition. [Adv. Dkt. No. 39.] On August 20, 2020, the plaintiffs filed their redacted opposition. [Adv. Dkt. No. 42.]

## II. MOTION TO DISMISS STANDARD UNDER RULE 12(b)(1)

Under Rule 12(b)(1), made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7012, a party may request the dismissal of a complaint for "lack of subject matter jurisdiction." Fed. R. Bankr. P. 7012(b)(1). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Instead, the plaintiff, "must carry the burden of demonstrating the existence of federal jurisdiction." Id.

When evaluating a motion to dismiss under Rule 12(b)(1), the "court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st

3

Cir. 1996).  Under Rule 12(b)(1), "the court may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition." Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D. P.R. 2006).

**III.   FACTUAL ALLEGATIONS ACCEPTED AS TRUE FOR RULE 12(b)(1) ANALYSIS**

The plaintiffs filed late in October 2009 their 2007and 2008 income tax returns. [Adv. Dkt. No. 12-2].   Both returns were filed during the plaintiffs' prior chapter 13 case, number 09-7731.  [Adv. Dkt. No. 42, p. 1, ¶2.] The prior case was filed on September 15, 2009 and dismissed on July 17, 2012. [Case No. 09-7731, Bankr. Dkt. Nos. 1 & 124].

On March 22, 2013, the plaintiffs filed their second chapter 13 case.  [Bankr. Dkt. No. 1].  On April 15, 2013, the IRS filed proof of claim number 4 for $7,537.25 in taxes, of which $5,631.80 were classified as priority under section 507(a)(8) and the remaining $1,905.43 as general unsecured. [Claims Register No. 4-1.]   The priority portion was broken down in the proof of claim as follows: $2,164 for 2007 income taxes, plus $463.94 of interest to petition date, and $2,611 for 2008 income taxes, plus $392.86 of interest to petition date. [Id.]

The priority portion of the claim was paid in full by the plaintiffs under their chapter 13 plan. [Adv. Dkt. No. 1, ¶5.] The remaining unsecured portion received pro-rata distributions under the plan. [Id.]  The plaintiffs received their discharge on June 25, 2018. [Bankr. Dkt. No. 114.]

On July 30, 2018, the IRS sent two letters to the plaintiffs to collect a tax debt for years 2007 and 2008. [Adv. Dkt. No. 1, ¶6; Adv. Dkt. No. 42, pp. 8-9.]  For year 2007, the IRS invoiced the amount of $211.82 plus $112.87 in interest. [Adv. Dkt. No. 42, p. 8.] For

4

year 2008, the IRS invoiced the amount of $76.25 plus $389.88 in interest. [Adv. Dkt. No. 42, p. 9.]

On February 14, 2019, counsel for the plaintiffs sent a letter to "whom it may concern" at the IRS offices in Philadelphia and Cincinnati requesting that IRS cease collection efforts against the plaintiffs because their tax debt had been discharged.[2] [Adv. Dkt. No. 42, p. 10.] On July 27, 2019, counsel for the plaintiffs sent a second letter to "Mr. Dagoberto Gonzalez, Director of W & I Filing and Payment Compliance" at the IRS office in Philadelphia requesting yet again that the IRS cease collection efforts immediately. [Adv. Dkt. No. 42, p. 11.]

### IV. APPLICABLE LAW AND DISCUSSION

The IRS moves to dismiss the case for lack of jurisdiction. Because the IRS's argument is jurisdictional, the court must address it first. If the court is without jurisdiction, it cannot consider the merits of the case. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007).

The IRS asserts that the plaintiffs are barred by sovereign immunity from seeking damages and attorney's fees for violation of the discharge injunction because they failed to exhaust administrative remedies under sections 7433(d)(1) and 7430(b)(1) of the Internal Revenue Code (IRC) and section 301.7433-2 of title 26 of the Code of Federal Regulations. The plaintiffs allege that they exhausted administrative remedies with the IRS. The court agrees with the IRS.

---

[2] The letter submitted by the plaintiffs is incorrectly dated February 14, 2018 since it refers to the discharge order entered on June 25, 2018.

"A taxpayer's claim for damages resulting from tax collection is limited by 26 U.S.C. § 7433." Blanchette v. SSA, 2014 U.S. Dist. LEXIS 21954, at *4 (D. Mass. Feb. 21, 2014). Section 7433(e) of the IRC provides a remedy for IRS actions, in violation of certain bankruptcy proceedings, taken to collect taxes. It provides that taxpayers may request damages in the bankruptcy court where "any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11." 26 U.S.C. § 7433(e)(1). "Section 7433's waiver of sovereign immunity, like any other, must be strictly observed, and construed in favor of the sovereign." Cartagena v. United States, 321 F. Supp. 2d 265, 271 (D. P.R. 2004).

But aggrieved taxpayers must first exhaust the IRS's administrative remedies. 26 U.S.C. § 7433(d)(1). "[S]ection 7433 claims may only be brought after exhaustion of administrative remedies." Nogueras-Cartagena v. United States, 125 F. App'x 323, 327 (1st Cir. 2005). "In the First Circuit, the exhaustion of administrative remedies, required by the statutes governing plaintiff's claims for refunds and for civil damages, is jurisdictional." Ghislain v. IRS, 2013 U.S. Dist. LEXIS 59920, at *8 (D. N.H. Apr. 10, 2013). "Sovereign immunity bars courts from hearing claims for damages under either section 7432 or section 7433 of the IRC before the plaintiff has exhausted administrative remedies as outlined in applicable regulations." Merchia v. United States, 2019 U.S. Dist. LEXIS 100849, at *10 (D. Mass. June 17, 2019).

Section 7430 of the IRC also provides a waiver of sovereign immunity for claims of attorney's fees in administrative or court proceedings against the IRS. 26 U.S.C. § 7430(a). But again, the IRS's administrative remedies must be exhausted first. 26 U.S.C. § 7430(b).

The administrative claim process for causes of action based on discharge violations under section 7433 of the IRC, including the recovery of litigation costs under section 7430 of the IRC, is outlined in 26 C.F.R. § 301.7433-2(e) (2020). Those regulations require that the claim "be sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation." 26 C.F.R. § 301.7433-2(e)(1). The regulations further require that the administrative claim include, among others, a description of the injuries incurred by the taxpayer and the dollar amount of the claim, including any future foreseeable damages. 26 C.F.R. § 301.7433-2(e)(2). "No action for actual, direct economic damages under paragraph (a) of this section may be instituted in federal bankruptcy court for any sum in excess of the amount (already incurred and estimated) of the administrative claim filed under paragraph (e) of this section . . . ." 26 CFR § 301.7433-2(f).

Here, the plaintiffs have neither pled nor shown that they exhausted the IRS's administrative remedies, in accordance with 26 C.F.R. § 301.7433-2(e), with respect to their claims. They argue that they did in fact exhaust the IRS's administrative remedies with phone calls made and two letters sent to the IRS. [Adv. Dkt. No. 42, p. 6, ¶ 7.] But phone calls are not enough as their administrative claim to the IRS had to be in writing. 26 C.F.R. § 301.7433-2(e)(1). And the two letters attached to the opposition to the motion to dismiss likewise do not satisfy the IRS's regulations because they: (i) are not addressed to the Chief Local Insolvency Unit in Puerto Rico; (ii) do not describe any damage suffered by the plaintiffs; (iii) fail to state a dollar amount in requested damages; and (iv) do not include evidence to support their alleged damages. See 26 C.F.R. § 301.7433-2(e).

As such, the court is without jurisdiction to grant the relief requested by the plaintiffs in their adversary complaint.

**V. CONCLUSION**

In view of the above, the IRS's motion to dismiss is granted. [Adv. Dkt. No. 12] A separate judgment shall be entered DISMISSING this adversary proceeding.

In Ponce, Puerto Rico, this 25th day of August 2020.

Edward A. Godoy
U.S. Bankruptcy Judge